# EXHIBIT 1

# EXHIBIT 1

**GARMAN TURNER GORDON**

7251 AMIGO STREET
SUITE 210
LAS VEGAS, NV 89119
WWW.GTG.LEGAL
PHONE: 725 777 3000
FAX: 725 777 3112

March 10, 2024

Talitha Gray Kozlowski
tgray@gtg.legal

<u>**VIA EMAIL**</u>
Varaluz LLC
Attn: Ronald Henderson
4445 Harmon Cove Court, Suite 6
Las Vegas, NV 89103

Re:    Engagement of Garman Turner Gordon

Dear Ron:

Thank you for selecting Garman Turner Gordon ("we," "us," "our," or the "Firm") to provide legal services regarding the Matter described below. The terms in this letter ("Engagement Letter") together with the Standard Terms of Representation attached hereto as **Exhibit A** will describe the basis on which the Firm will provide the legal services. As we have discussed, the Firm's client in this Matter will be Varaluz LLC ("you," "your," or the "Client").

Subject to the Firm's approval of the engagement on the Matter and the receipt of any retainer required hereby, the Firm will be engaged to represent you in connection with the analysis regarding a potential bankruptcy filing (the "Matter"). Prior to commencement, we will require a $10,000.00 retainer. As we have discussed, prior to commencing a bankruptcy case, we will require an additional retainer in an amount to be determined after our initial analysis.

You have agreed that the Firm's representation is limited to the performance of services related to this Matter only. We may agree with you to further limit or expand the scope of the Firm's representation from time-to-time, but only if a change is confirmed in a writing signed by a partner of the Firm that expressly refers to this letter (a "Supplement").

You have agreed that our representation of the Client in this Matter does not give rise to a lawyer-client relationship between the Firm and any of the Client's affiliates; the representation being provided pursuant to this Engagement Letter is solely for you and we assume and will rely upon the assumption that all affiliates or other persons or entities will seek their own legal representation with regard to the Matter. Accordingly, representation of the Client in this Matter will not give rise to any conflict of interest in the event other clients of the Firm are adverse to any of the Client's affiliates.

**2 |** P a g e

You have agreed that an initial security retainer of Ten Thousand Dollars ($10,000.00) will be paid as an advance against fees, costs and expenses of the Client related to the Matter, which will be increased in advance of a bankruptcy filing. The retainer will be applied to pay the Firm's billing statements related to the Matter when they come due. We reserve the right to require one or more further retainers at any time to protect our right to payment.

In the event that you fail to timely pay a Firm billing statement, we may apply any retainer to monthly invoices or hold as security for the payment of our final bill. The existence of a retainer does not affect your obligation to pay us promptly as provided below. At the conclusion of representation, any remaining retainer balance shall be promptly refunded to you, after payment of our final invoice. Additionally, once a trial or determinative hearing date is set, we will require you to pay all amounts then owing to us and to deposit with us the fees we estimate will be incurred in preparing for and completing the trial or arbitration, as well as jury fees and arbitration fees likely to be assessed. If you fail to timely pay any additional deposit requested, we have the right to withdraw from the representation and to cease performing further work. If permission of the court or arbitration panel is required, you agree not to oppose any motion to withdraw.

The fees, costs and expenses relating to the Matter are not predictable. Accordingly, we have made no commitment to you concerning the maximum fees, costs and expenses that will be necessary to resolve or complete the Matter. Any estimate of fees, costs and expenses that we may have discussed represents only an estimate of such fees, costs and expenses.

It is expressly understood that the Client's obligation to pay the Firm's fees, costs and expenses is in no way contingent on the ultimate outcome of the Matter. Unless otherwise agreed with you in writing, we reserve the right to deliver all billing statements to you via email.

The principal basis for computing our fees will be the amount of time spent on the Matter by various lawyers and legal assistants multiplied by their hourly billing rates. Talitha Gray Kozlowski will be the primary attorneys working on your Matter and her hourly rate is $650. Our current rates for attorneys range from $350 per hour to $965 per hour. Time devoted by law clerks, paralegals, paraprofessionals, and project assistants are charged at billing rates ranging from $100 to $375 per hour. These billing rates are subject to change from time to time and the Client will be notified of any changes to those billing rates whether directly or by invoice. These applicable hourly rates are the Firm's prevailing rates for attorneys, law clerks, paraprofessionals, paralegals, project assistants, and non-professional assistants.

Additional information regarding fees and other important matters appear in the attached Standard Terms of Representation, which is incorporated as part of this Engagement Letter and which you should review carefully before agreeing to our engagement on the Matter. This Engagement Letter is a binding legal document with significant consequences. The Client is encouraged to have it reviewed by other counsel of the Client's choice prior to execution by the Client. Please indicate your acceptance of the terms of this representation letter and the Standard Terms of Representation by signing and returning a copy of this Engagement Letter to me. Please call me if you have any questions. We look forward to working with you.

3 | Page

Sincerely,

GARMAN TURNER GORDON

TALITHA GRAY KOZLOSKI, ESQ.

AGREED TO AND ACCEPTED:

By: _____     RONALD P. HENDERSON

Title: PRESIDENT

Date: 5/3/24

4 | P a g e

## Exhibit A

## STANDARD TERMS OF REPRESENTATION

This document sets forth the standard terms of our engagement as your lawyers. Except where expressly stated below, unless modified by a writing that expressly refers hereto signed by a partner of the Firm[1], these terms will be an integral part of our agreement with you. Therefore, we ask that you review this document carefully and contact us promptly if you have any questions. You should retain this document in your file.

### The Scope of Our Work

The legal services that the Firm will provide to you are described in our Engagement Letter or any Supplement thereto, which together with these Standard Terms of Representation constitute our legal contract with you. Our representation is limited to performance of the services described as the "Matter" in that Engagement Letter and any Supplement thereto and does not include representation of you or your interests in any other matter.

The only person or entity that we represent is the person or entity that is identified in our Engagement Letter as the "Client" and does not include any affiliates of such person or entity (*i.e.*, if you are a corporation or partnership, any parents, subsidiaries, employees, officers, directors, shareholders or partners of the corporation or partnership, or commonly owned corporations or partnership; or, if you are a trade association, any members of the trade association). Accordingly, for conflict of interest purposes, we may currently or at a later time agree to represent another client with interests adverse to any such affiliate without obtaining your consent.

Because we are not your general counsel, our acceptance of a Matter does not involve an undertaking to represent you or your interests in any other matter. In particular, the Firm's engagement on the Matter does not include responsibility for review of your insurance policies to determine the possibility of coverage for the claim asserted in the Matter, for notification of your insurance carriers about the Matter, or for advice to you about your disclosure obligations concerning the matter under the federal securities laws or any other applicable law. If you decide at any point that you wish to engage the Firm for other work, such engagement must be confirmed in a Supplement.

Either at the commencement or during the course of our representation, we may express opinions or beliefs concerning the litigation or various courses of action and the results that might be anticipated. Any such statement made by any lawyer of our Firm is intended to be an expression of our best professional judgment only, based on information available to us at the time, and should not be construed by you as a promise or guarantee.

---

[1] Capitalized Terms not defined in these Standard Terms of Representation shall have the meanings ascribed in the Engagement Letter and any Supplement thereto.

## Who Will Provide the Legal Services

Customarily, each Client of the Firm is served by a principal lawyer contact. Subject to the supervisory role of the principal lawyer, your work or parts of it may be performed by other lawyers and legal assistants in the Firm. Such delegation may be for the purpose of involving lawyers or legal assistants with special expertise in a given area or for the purpose of providing services on the most cost efficient and timely basis.

## Client Responsibilities

You agree to pay our billing statements for services and expenses as provided below. In addition, you agree to be candid and cooperative with us and will keep us informed with complete and accurate factual information, documents and other communications relevant to the subject matter of our representations of otherwise reasonably requested by us. You agree to make Client's officers and employees available to attend trial, hearings, depositions and discovery conferences, and other proceedings, and to commit the appropriate personnel and sufficient resources to meet the Client's discovery obligations. In the event you perceive any actual or possible disagreement with the Firm or the Firm's handling of the Matter, you agree to promptly and candidly discuss the problem with the Firm. Because it is important that we be able to contact you at all times to consult with you regarding your representation, you will inform us, in writing, of any changes in the name, address, telephone number, contact person, e-mail address, state of incorporation or other relevant changes regarding you or your business. Whenever we need your instructions or authorization in order to proceed with legal work on your behalf, we will contact you at the latest business address we have received from you. If you affiliate with, acquire, are acquired by, or merge with another company, you will provide us with sufficient notice to permit us to withdraw as your lawyer if we determine that such affiliation, acquisition, or merger creates a conflict of interest between any of our clients and the other party to such affiliation, acquisition, or merger, or if we determine that it is not in the best interests of the Firm to represent the new entity.

The Firm agrees to keep you informed as to the status of the Matter and as to the course of action which is being followed or is being recommended by the Firm. The Firm encourages you to participate in all major decisions involving the Matter. Unless otherwise directed by you, the Firm will provide you with copies at your cost, of all significant documents sent or received by the Firm in connection with the Matter. If, in the Firm's sole discretion, it appears that a conflict of interest has or may arise between two or more clients, then the Firm shall have the right to withdraw from representation of one of more of the clients and to continue the representation of any of the other clients.

All of the Firm's work product will be owned by the Firm and may be utilized in whole or in part by the Firm in other projects, subject to issues related to our duty of confidentiality. We agree to make reasonably available to you all written materials we send or receive pertaining to these matters so long as our billing statements have been timely paid.

6 | P a g e

### Confidentiality of Communications

All communications between the Firm and you – whether written, oral or electronic – are confidential, and you agree to take all reasonable precautions to ensure that the confidentiality of these communications is preserved. This includes, at a minimum, ensuring that (i) written communications are not read by other persons, (ii) oral conversations are not overheard by other persons, (iii) electronic communications are not accessible by other persons, and (iv) the communications among you and any other clients the Firm is representing on the same Matter and the Firm are not disclosed by you to other persons.

### Insurance Coverage/Indemnification Agreements

You agree to advise the Firm as promptly as possible of any insurance policies or other agreements which may provide for insurance coverage, indemnification and/or payment of attorney's fees, costs and expenses, in whole or in part, with respect to the Matter.

### How Fees Will Be Set

The hourly rates of our lawyers and legal assistants are adjusted from time to time to reflect current levels of legal experience, changes in overhead costs, and other factors. We will keep records of the time we devote to your work, including conferences (both in person and over the telephone), negotiations, factual and legal research and analysis, document preparation and revision, travel on your behalf, and other related matters. We record our time in units of tenths of an hour.

### Costs and Expenses

We will charge the Client not only for legal services rendered, but also for other ancillary services provided. The Client agrees to reimburse the Firm for all out of pocket expenses paid by the Firm. Examples include application fees, investigative costs, title insurance premiums, travel expenses, witness fees, charges for serving and filing papers, costs for depositions, transcripts and filing fees, recording fees and fees for certifying documents. The Client also agrees to pay when billed for certain specified costs including for messenger services, computerized research services, postage, scanning and photocopying, notarial attestations and overtime clerical assistance. We do not charge for long-distance telephone toll charges or for sending or receiving faxes.

We will use an electronic document management program for managing documents produced and received in the Matter. Conversion of those documents into the document management program will be billed as a cost for the Client. While our charges for these services are measured by use, they may not, in all instances, reflect our exact out-of-pocket costs. The precise cost of providing service is difficult to establish for many of these services. Such costs we charge at the rate representing reasonable charges in the community for such services. We would be pleased to discuss the specific schedule of charges for these additional services with you and to answer any questions that you may have. If you would prefer, in some situations we

can arrange for these services to be provided by third parties with direct billing to you.  Attached as **Exhibit B** is a list of typical cost items and their associated costs.

You authorize us to retain any other persons or entities in performing necessary services related to this Matter.  Such other persons or entities may include, but are not limited to, Court reporters, escrow agents, appraisers, investigators, consultants, or experts necessary in our judgment to represent your interests in the representation.  Their fees and expenses generally will not be paid by us, but will be billed directly to you.  You agree to promptly pay the charges of every person or entity hired by the Firm to perform services related to the Matter.

## Billing Arrangements and Terms of Payment

We will bill you on a regular basis, normally each month, for fees, costs and expenses.  If you have any questions or objections concerning a billing statement, you agree to raise them promptly for discussion.  Such questions or objections shall be timely only if made within twenty (20) days from the delivery of the applicable billing statement.  In all events, unless otherwise agreed to in a writing signed by us, you agree to make payments within thirty (30) days of receiving our billing statement. We may give you notice if your account becomes delinquent, and in such event you agree to immediately bring the account or the retainer deposit current. Past-due bills will bear interest at the rate of one percent (1%) per month without notice.  Should any bill become thirty (30) days past due, the Firm may choose to cease all work on the Client's behalf until all outstanding bills are paid in full.  If the delinquency continues and you do not arrange satisfactory payment terms, we will withdraw from the representation and pursue collection of your account.  You agree to pay the fees, costs and expenses related to preservation and pursuit of the Firm's claims against you and collecting the debt, including court costs, filing fees, and reasonable attorney fees and costs.    Client and the Firm acknowledge that in the event the Firm is retained as legal counsel for a debtor-in-possession under the Bankruptcy Code, the award of legal fees, costs and expenses is subject to award and review by the United States Bankruptcy Court.

## Retainer and Trust Deposits

Clients of the Firm may be required to deposit a retainer with the Firm.  At the conclusion of our legal representation or at such time as the retainer deposit is unnecessary or is appropriately reduced, the remaining balance or an appropriate part of it will be returned to you.  If the retainer deposit proves insufficient to cover current expenses and fees at some point during the representation, it may have to be increased.

All trust deposits we receive from you, including retainers, will be placed in a trust account for your benefit.  Normally, pursuant to court rule, your deposit will be placed in a pooled account, and the interest earned on the pooled account will be payable to a charitable foundation.  Other trust deposits will also be placed in the pooled account unless you request a segregated account.

Retainers and Minimum Fees can be paid with cash, check, cashier check, credit card or by wire transfer.  If you chose to wire the funds our bank information is ZB, N.A., dba Nevada

8 | P a g e

State Bank, 750 East Warm Springs Road, Las Vegas, Nevada 89119; account information is GTG LLP, Acct. # 979892841, routing # 122400779, swift code # ZFNBUS55.

## Conflicts

The Firm represents many other entities and individuals. It is possible that some of the Firm's present or future clients will have disputes with you during this engagement. Therefore, as a condition to the Firm's undertaking this engagement, you agree that the Firm may continue to represent, or may undertake in the future to represent, existing or new clients in any matter that is not substantially related to the Matter, even if the interests of such clients in those other matters are directly adverse to you. The Client's prospective consent to conflicting representation contained in the preceding sentence shall not apply in any instance where, as the result of the Firm's representation of you, the Firm has obtained sensitive, proprietary or other confidential information that, if known to any such other client of the Firm, could be used in any such other matter by such client to the material disadvantage of you. In other words, we agree not to accept, without prior approval from you, any engagement known to be in direct conflict with your interests in the Matter. If, in the course of representing multiple clients, we determine in our sole discretion that a conflict of interest exists, we will notify all affected clients of such conflict and may withdraw from representing any one or more of the multiple clients, possibly including you, to the extent such a withdrawal would be permitted or required by applicable ethical rules.

## Termination and File Retention

You may at any time terminate our services and representation upon written notice to us. Such termination shall not, however, relieve you of the obligation to pay for all services already rendered, including work in progress and remaining incomplete at the time of termination, and to pay for all expenses incurred on your behalf through the date of termination.

We reserve the right to withdraw from our representation (1) if you fail to honor the Engagement Letter, any Supplement thereto or these Standard Terms of Representation; (2) for any just reason as permitted or required under the Nevada Code of Professional Responsibility or by any appropriate court; (3) if you demand that we take action which we, in our discretion, determine would violate Rule 11 of the Federal Rules of Civil Procedure or any state or bankruptcy law derivative thereof; (4) if you fail to cooperate with us, make false statement or representations to us, or fail to pay us promptly as required by the terms hereof; or (5) as required or permitted by the applicable rules of professional conduct, all upon written notice to you. In the event that we terminate the engagement, we will take such steps as are reasonably practicable to protect your interests in the Matter, and you agree to take all steps necessary to free us of any obligation to perform further, including the execution of any documents necessary to perfect our withdrawal. We will be entitled to be paid for all services rendered and costs and expenses incurred on your behalf through the date of withdrawal. If permission for withdrawal is required by a court, we will promptly request such permission, and you agree not to oppose our request. In the event of termination, you agree to pay us promptly for all services rendered plus all other charges or expenses incurred prior to such termination.

Unless previously terminated, our representation of you in the Matter will terminate upon our sending you our final statement for services rendered in the Matter.

The Client is responsible for maintaining its own copies of documents forwarded to it by the Firm. Following termination of our services, at your request, your papers and property will be returned to you upon receipt of payment of outstanding fees, costs and expenses. Otherwise, we agree to make a diligent effort, subject to casualties beyond our control, to retain and maintain all major and significant components of your papers and property relative to the Matter for a period of four (4) years following the conclusion of the matter. Our own files pertaining to the Matter will be retained by the Firm. These Firm files include, for example, firm administrative records, time and expense reports, personnel and staffing materials, and credit and accounting records; and internal lawyers' work product such as drafts, notes, internal memoranda, and legal and factual research, including investigative reports, prepared by or for the internal use of lawyers. All such documents retained by the Firm will be transferred to the person responsible for administering our records retention program. For various reasons, including the minimization of unnecessary storage expenses, we reserve the right to destroy or otherwise dispose of any such documents or other materials retained by us within a reasonable time after the termination of the engagement.

We shall be entitled to enforce our attorneys' retaining lien and attorneys' charging lien in accordance with Nevada law, so that, in the event you fail to pay the Firm as provided herein, the Firm may retain exclusive control of all your files as well as any property, monies, or original documents in the Firm's possession, until such fees, costs and expenses are paid in full. You hereby grant a power of attorney to counsel to execute any drafts or instruments payable to you, apply sums received to the Firm's outstanding billing statements, and remit any remaining funds to you.

After the conclusion of our representation, changes may occur in the applicable laws or regulations that could have an impact upon your future rights and liabilities. Unless you engage us after the conclusion of the Matter to provide additional advice on issues arising from the Matter, the Firm has no continuing obligation to advise you with respect to future legal developments.

**Governing Law and Rules of Professional Conduct**

The Engagement Letter shall be interpreted and enforced in accordance with the laws of the State of Nevada, as amended from time to time. The Firm's services shall be governed by the Rules of Professional Conduct as adopted by the Nevada Supreme Court, as amended from time to time, without regard to where the services are actually performed. Any lawsuit, action or proceeding arising out of or relating to this agreement shall only be instituted in a federal or state court located in Nevada.

10 | P a g e

## Disputes

<u>JURY WAIVER</u>. THE CLIENT AND THE FIRM VOLUNTARILY, IRREVOCABLY AND UNCONDITIONALLY WAIVE ANY RIGHT TO HAVE A JURY PARTICIPATE IN RESOLVING ANY DISPUTE, WHETHER SOUNDING IN CONTRACT, TORT, OR OTHERWISE, ARISING OUT OF, IN CONNECTION WITH, RELATED TO, OR INCIDENTAL TO THE RELATIONSHIP ESTABLISHED BETWEEN THEM IN CONNECTION WITH THE MATTER, THIS AGREEMENT, OR ANY OTHER AGREEMENT OR DOCUMENT EXECUTED OR DELIVERED OR CREATED IN CONNECTION HEREWITH OR THEREWITH OR ANY ACT OR TRANSACTION RELATED HERETO.

## Effort and Outcome

The Firm agrees to competently and diligently represent the Client in the Matter. The Client acknowledges that the Firm has given no assurances regarding the outcome of the Matter. You acknowledge that, in the event of a loss, you may be liable for the opposing party's attorney's fees and will be liable for the opposing party's costs as required by law. You further acknowledge that a suit brought solely to harass or coerce a settlement may result in liability for malicious prosecution or abuse of process.

## Commencement of Representation

If representation of the Client by the Firm in the Matter has commenced prior to the Firm receiving a copy of the Engagement Letter and any Supplement thereto signed by the Client and any required retainer, all such services rendered by the Firm are agreed to have been requested and provided pursuant to the terms of the Engagement Letter and any Supplement thereto.

## Privacy Policy of Garman Turner Gordon

Lawyers, as providers of certain personal services, may be required by the Gramm-Leach-Bliley Act (the "Act") to inform their clients of their policies regarding privacy of you information. We understand your concerns as to privacy and the need to ensure the privacy of all your information. Your privacy is important to us, and maintaining your trust and confidence is a high priority. Lawyers have been and continue to be bound by professional standards of confidentiality that are even more stringent than those required by the Act. Therefore, we have always protected your right to privacy. The purpose of this notice is to explain our Privacy Policy with regard to personal information about you that we obtain and how we keep that information secure.

<u>Nonpublic Personal Information</u>. We collect nonpublic personal information about you that is provided to us by you or obtained by us with your authorization or consent.

**We do not disclose any personal information about our clients or former clients to anyone, except as permitted by law and any applicable state ethics rules.**

We do not disclose any nonpublic personal information about current or former clients obtained in the course of representation of those clients, except as expressly authorized by those clients to enable us to effectuate the purpose of our engagement or as required or permitted by law or applicable provisions of codes of professional responsibility or ethical rules governing our conduct as lawyers.

<u>Confidentiality and Security</u>.  We retain records relating to professional services that we provide so that we are better able to assist you with your professional needs and to comply with professional guidelines or requirements of law.  In order to guard your nonpublic personal information, we maintain physical, electronic, and procedural safeguards that comply with our professional standards.

## Integration

The Engagement Letter, any Supplement thereto and these Standard Terms of Representation contain the entire agreement between the Client and the Firm regarding the Matter and the fees, costs and expenses relative to the Matter.  The Engagement Letter and any Supplement thereto shall be binding upon the Client and the Firm and their respective heirs, executors, legal representatives and successors.  These Standard Terms of Representation may be revised periodically.  Any revision shall be delivered to the Client and be effective thirty (30) days after such delivery unless we have received an objection to the revision from the Client within such thirty (30) day-period.

## Authorization to Retain the Firm

The person signing the Engagement Letter on behalf of the Client acknowledges that he has the requisite power and authority to execute and deliver the Engagement Letter on behalf of the Client, and that the Client has duly authorized and approved all necessary action and consent to be taken by him with respect to the Matter.

12 | P a g e

## Exhibit B

## Chargeable Costs

| | | |
|---|---|---|
| 1. | Local Courier Messenger Services | $10.00 |
| 2. | Indexing (per tab) | .50 |
| 3. | Photocopying (per page) | .25 |
| 4. | Telephone Charge (long distance) | actual charge |
| 5. | Equifax | actual charge |
| 6. | Federal Express | actual charge |
| 7. | UPS Delivery | actual charge |
| 8. | Computerized Research | actual charge |
| 9. | Scanning (per page) | .25 |
| 10. | Electronic Filing and Retrieval Fees | actual charge |

4836-0079-5547, v. 1