

_____
Honorable Hilary L. Barnes
United States Bankruptcy Judge

Entered on Docket
July 09, 2024
_____

GARMAN TURNER GORDON LLP
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
Email: tgray@gtg.legal
TERESA M. PILATOWICZ, ESQ.
Nevada Bar No. 9605
E-mail: tpilatowicz@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Tel: 725.777.3000
[Proposed] *Attorneys for Debtor*

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re: | Case No.: 24-13181-hlb |
| | Chapter:   11 |
| VARALUZ, LLC, | |
|        Debtor, | Hearing: |
| | Date:   July 3, 2024 |
| | Time:   3:00 p.m. |

**ORDER: (I) AUTHORIZING PAYMENT OF EMPLOYEE COMPENSATION; AND
(II) AUTHORIZING AND DIRECTING FINANCIAL INSTITUTIONS TO HONOR AND
<u>PROCESS CHECKS AND TRANSFERS RELATED TO SUCH OBLIGATIONS</u>**

Varaluz, LLC, debtor and debtor-in-possession in the above-captioned proceeding ("<u>Debtor</u>"), filed *Debtor's Motion for Entry of an Order: (I) Authorizing Payment of Employee Compensation; and (II) Authorizing and Directing Financial Institutions to Honor and Process Checks and Transfers Related to Such Obligations* [ECF No. 13] (the "<u>Motion</u>").[1]  The Motion came on for hearing before the above-captioned Court on July 3, 2024, at 3:00 p.m. (the

_____
[1] Unless otherwise expressly stated herein, all undefined, capitalized terms shall have the meanings ascribed to them in the Motion.

"Hearing"). All appearances were duly noted on the record at the Hearing.

The Court reviewed the Motion and all matters submitted therewith. The Court considered the argument of counsel made at the time of the Hearing and found that notice of the Motion was proper. The Court stated its findings of fact and conclusions of law on the record at the Hearing on the Motion, which findings of fact and conclusions of law are incorporated herein by this reference in accordance with Fed. R. Civ. P. 52, as made applicable by Fed. R. Bankr. P. 9014 and 7052. It appearing that the relief requested is necessary to preserve Debtor's ongoing operations and necessary to avoid immediate and irreparable harm, and the Court having found that said relief is in the best interests of the Debtor, its estate, and creditors, and in light of the circumstances and the emergency nature of the relief requested and after due deliberation, and good and sufficient cause appearing therefor:

**IT IS ORDERED** that the Motion is **GRANTED** in its entirety.

**IT IS FURTHER ORDERED** that Debtor is authorized and empowered to: (1) pay Wages and costs incident thereto; (2) remit Deductions, Payroll Taxes, and Employee Benefit Contributions, to the applicable state or federal taxing authorities, law firms, governmental agencies, or plan sponsor tasked with collecting such funds; and (3) pay Reimbursable Expenses not exceeding $5,000.

**IT IS FURTHER ORDERED** that the applicable banks and financial institutions are hereby authorized, empowered, and directed to receive, process, honor, and pay any and all checks or other forms of payment related to the Employee compensation authorized by this Order, whether presented prior to or after the Petition Date in accordance with the stated policies with regard thereto, provided sufficient funds exist in the respective account(s) to cover such payments.

**IT IS FURTHER ORDERED** that the fourteen (14) day stay applicable pursuant to FED. R. BANKR. P. 6004(h) or otherwise is hereby **WAIVED**, and this Order shall be effective immediately upon entry.

**IT IS FURTHER ORDERED** that the relief granted herein is necessary to avoid immediate and irreparable harm and, to the extent the twenty-one (21) day time period otherwise imposed by FED. R. BANKR. P. 6003(b) on the use of estate property applies to the relief requested through the

Motion, the Court expressly finds cause exists, waives the application of the twenty-one (21) day time period under FED. R. BANKR. P. 6003(b), and finds that the Debtor is excepted from the operation of FED. R. BANKR. P. 6003(b) to the extent authorized by this Order.

**IT IS FURTHER ORDERED** that nothing herein authorizes the Debtor to pay pre-Petition Date Wages or Employee Benefit Contributions exceeding the $15,150.00 statutory thresholds established by Sections 507(a)(4) or 507(a)(5), as applicable, or that were earned more than 180 days before the commencement of the Chapter 11 Case.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order including the enforcement and implementation of the terms hereof.

**IT IS SO ORDERED**.

Prepared and Submitted by:

GARMAN TURNER GORDON LLP

By: /s/ Talitha Gray Kozlowski
TALITHA GRAY KOZLOWSKI, ESQ.
TERESA M. PILATOWICZ, ESQ.
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
*[Proposed] Attorneys for Debtor*

## LR 9021 CERTIFICATION

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

☐ The court waived the requirement of approval under LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion.

☒ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated above.

Brian Shapiro, Esq.                                            APPROVED
*Subchapter V Trustee*

Carlos Hernandez-Vivoni                                 APPROVED
*Attorneys for Office of the*
*United States Trustee for Region 17*

Christian Ruiz                                                     APPROVED
*Attorneys for U.S. Small*

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objection to the form or content of the order.

###

Garman Turner Gordon
7251 Amigo Street, Ste. 210
Las Vegas, Nevada 89119
(725) 777-3000