GARMAN TURNER GORDON LLP
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
Email: tgray@gtg.legal
TERESA M. PILATOWICZ, ESQ.
Nevada Bar No. 9605
E-mail: tpilatowicz@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Tel: 725.777.3000
[Proposed] *Attorneys for Debtor*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>VARALUZ, LLC,<br><br>Debtor(s). | Case No.: 24-13181-HLB<br>Chapter:   11<br><br>Interim Hearing:<br>Date: July 3, 2024<br>Time: 3:00 p.m.<br><br>Final Hearing:<br>Date: July 26, 2024<br>Time: 1:30 p.m. |

**NOTICE OF ENTRY OF FINAL ORDER AUTHORIZING THE USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. §§ 105, 361, 363, AND 506, AND FED. R. BANKR. P. 4001(b)**

PLEASE TAKE NOTICE that a Final Order Authorizing the Use of Cash Collateral Pursuant to 11 U.S.C. §§ 105, 361, 363, and 506, and FED. R. BANKR. P. 4001(b) [ECF No. 39], a copy of which is attached hereto, was entered in the above-entitled matter on July 31, 2024.

DATED this 1st day of August, 2024.

GARMAN TURNER GORDON LLP
By: */s/  Talitha Gray Kozlowski*
   GREGORY E. GARMAN, ESQ.
   TALITHA GRAY KOZLOWSKI, ESQ.
   MARY LANGSNER, Ph.D.
   7251 Amigo Street, Suite 210
   Las Vegas, Nevada 89119
   [Proposed] *Attorneys for Debtor*

_____

Honorable Hilary L. Barnes
United States Bankruptcy Judge

Entered on Docket
July 31, 2024

_____

GARMAN TURNER GORDON LLP
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
Email: tgray@gtg.legal
TERESA M. PILATOWICZ, ESQ.
Nevada Bar No. 9605
E-mail: tpilatowicz@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Tel: 725.777.3000
[Proposed] *Attorneys for Debtor*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEVADA**

| In re:<br><br>VARALUZ, LLC,<br><br>　　　　　Debtor, | Case No.: 24-13181-hlb<br>Chapter:   11<br><br>Interim Hearing:<br>Date:   July 3, 2024<br>Time:  3:00 p.m.<br><br>Final Hearing:<br>Date:   July 26, 2024<br>Time:  1:30 p.m. |
|---|---|

**FINAL ORDER AUTHORIZING THE USE OF CASH COLLATERAL PURSUANT TO**
**11 U.S.C. §§ 105, 361, 363, AND 506, AND FED. R. BANKR. P. 4001(b)**

On July 26, 2024, the Court held a final hearing to consider the *Debtor's Emergency Motion Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, and 506, and Fed. R. Bankr. P. 4001(b) for Entry of Interim and Final Orders Authorizing the Use of Cash Collateral and Scheduling a Final Hearing* (the "Motion")[1] [ECF No. 18], filed by Varaluz, LLC, debtor and debtor-in-possession ("Debtor").

_____

[1] Unless otherwise indicated, all capitalized terms herein shall have the same meaning as set forth in the Motion.

Following an interim hearing held on July 3, 2024 ("Interim Hearing"), the Court entered the *Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, and 506, and Fed. R. Bankr. P. 4001(b) for Entry of Interim and Final Orders Authorizing the Use of Cash Collateral and Scheduling a Final Hearing* [ECF No. 31] ("Interim Order").

Due and sufficient notice of the Motion, the Interim Hearing, and the final hearing on the Motion held on July 26, 2024, at 1:30 p.m. ("Final Hearing") having been provided by Debtor; and after considering all the pleadings filed with this Court, and upon the record made by Debtor at the Interim Hearing and Final Hearing; and the Court having found and determined that, subject to the terms of this order ("Final Order"), the relief sought in the Motion is in the best interests of Debtor, its estate, creditors, and all parties in interest; the Court having placed its findings of fact and conclusions of law on the record at the Final Hearing, which are incorporated herein pursuant to Fed. R. Civ. P. 52, made applicable pursuant to Fed. R. Bankr. P. 7052 and 9014; and good and sufficient cause appearing therefor,

**THE COURT FINDS AND CONCLUDES:**

A.  Chapter 11 Case. On the Petition Date, Debtor filed a voluntary petition for relief under Subchapter V of Chapter 11 of the Bankruptcy Code. Pursuant to Sections 1107(a) and 1108, Debtor continues to operate its business and manage its properties, affairs and assets as a debtor-in-possession.

B.  Jurisdiction and Venue. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

C.  Notice. Notice of the Motion, Interim Hearing, and Final Hearing (collectively, "Hearings"), and the relief requested therein was served by the Debtor upon (i) the Office of the United States Trustee; (ii) the Subchapter V Trustee appointed in the Chapter 11 Case; (iii) Debtor's full creditor matrix; and (iv) any entity which filed and served on Debtor a request for special notice within a reasonable time prior to the hearing of the Motion. Under the circumstances, the proper, timely, adequate, and sufficient notice given by the Debtor of the Motion, the relief requested therein, and the Hearings was reasonable and appropriate under, and

Garman Turner Gordon LLP
7251 Amigo St., Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

complies with, the requirements of due process, Bankruptcy Rule 4001(b), and the rules of this Court such that no other or further notice of the foregoing is required.

D. <u>The Approved Budget</u>. The budget for the period beginning July 1, 2024, through October 31, 2024 ("<u>Budget</u>") attached hereto as **Exhibit 1** includes and contains Debtor's best estimate of all operational revenues and expenses that will be payable, incurred, and/or accrued by Debtor and is hereby approved.

E. <u>Necessity of Relief Requested</u>. Debtor would not have sufficient available sources of working capital to operate its business in the ordinary course or to maintain the property while it seeks reorganize without the use of Cash Collateral. Without access to the Cash Collateral, Debtor's ability to manage, administer, and preserve its estate would be immediately and irreparably harmed, thereby materially impairing its estate and creditors and the possibility for a successful reorganization. Thus, the relief granted hereunder is necessary for Debtor to avoid immediate and irreparable harm to its estate. Accordingly, entry of this Final Order is in the best interest of Debtor, its estate, its creditors, and other parties in interest.

**ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:**

1. <u>Motion Granted</u>. The Motion is granted in its entirety on a final basis.

2. <u>Compliance with Approved Budget</u>. Debtor is authorized to use cash which may constitute Cash Collateral on the terms and conditions set forth in this Final Order in accordance with the approved Budget attached hereto as **Exhibit 1** during the pendency of the Chapter 11 Case as long as the percentage of deviation for expenses does not exceed fifteen percent (15%) in the aggregate for the budgeted expenditures. To the extent Debtor does not use the cash projected for a particular week or for a particular purpose in the Budget, Debtor shall be authorized to use such Cash Collateral in subsequent weeks, in addition to any amounts already budgeted for such future weeks.

3. As for adequate protection, the U.S. Small Business Association ("<u>SBA</u>") shall receive: (i) monthly adequate protection payments of $750 per month; and (ii) pursuant to Section 361(2) of the Bankruptcy Code, valid and perfected replacement security interests in and liens upon the Debtor's assets and property, and proceeds thereof, but in all events, only to the extent

Garman Turner Gordon LLP
7251 Amigo St., Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

of: (i) any post-petition decrease in value of its properly perfected security interests resulting from the use of cash collateral herein, and (ii) to the extent of its pre-petition properly perfected security interest in and to any of Debtor's property. Post-petition revenues, receivables, and proceeds of either that are subject to a perfected security interest of SBA shall not lose that status by the Debtor's placing them in a deposit account or commingling them with any funds not subject to a perfected security interest.

4. Notwithstanding the possible applicability of Fed. R. Bankr. P. 4001(a)(3), 6004, 7062, and/or 9014, this Order shall be immediately enforceable and effective upon its entry by the Court.

5. To the extent applicable, the Motion and this Final Order are excepted from the operation of Fed. R. Bankr. P. 6003(b).

6. This Court hereby retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Final Order.

**IT IS SO ORDERED.**

Prepared and Submitted by:

GARMAN TURNER GORDON LLP

By:   /s/ *Talitha Gray Kozlowski*
    TALITHA GRAY KOZLOWSKI, ESQ.
    TERESA M. PILATOWICZ, ESQ.
    7251 Amigo Street, Suite 210
    Las Vegas, Nevada 89119
    [Proposed] *Attorneys for Debtor*

**LR 9021 CERTIFICATION:**

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

☐ The court has waived the requirement set forth in LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion.

☒ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below.

    Brian Shapiro, Esq.                      APPROVED
*Subchapter V Trustee*

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

###

Garman Turner Gordon LLP
7251 Amigo St., Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

5

# EXHIBIT 1

# EXHIBIT 1

| Varaluz Budget | | | | |
|---|---|---|---|---|
| **Income** | Jul-24 | Aug-24 | Sep-24 | Oct-24 |
| Est Collections | $ 300,000 | $ 320,000 | $ 350,000 | $ 350,000 |
| Past Collections due to reorg | $ 300,000 | $ 108,000 | 0 | 0 |
| Total Collections | $ 600,000 | $ 428,000 | $ 350,000 | $ 350,000 |
| | | | | |
| **Expenses** | | | | |
| Payroll | $ 90,000 | $ 90,000 | $ 90,000 | $ 90,000 |
| LV Rent | $ 45,000 | $ 45,000 | $ 45,000 | $ 45,000 |
| Dal Showroom Rent | $ 11,000 | $ 11,000 | $ 11,000 | $ 11,000 |
| LV Showroom Rent | $ 5,000 | $ 5,000 | $ 5,000 | $ 5,000 |
| HP Showroon Rent | $ 14,000 | $ 14,000 | $ 14,000 | $ 14,000 |
| NV & County Taxes, Qtrly | $ 4,000 | $ - | $ - | $ 4,000 |
| Healthplan | $ 11,000 | $ 11,000 | $ 11,000 | $ 11,000 |
| Dal Show | $ 4,000 | $ - | $ - | $ - |
| HP Show | | | | $ 20,000 |
| LV Show | $ 5,000 | | | |
| FedEx | $ 25,000 | $ 20,000 | $ 22,500 | $ 22,500 |
| FedEx Frt | $ 25,000 | $ 20,000 | $ 22,500 | $ 22,500 |
| Bank Card Fees | $ 9,000 | $ 9,000 | $ 9,000 | $ 9,000 |
| Bank Fees | $ 500 | $ 500 | $ 500 | $ 500 |
| Insurance | $ 4,631 | $ 4,031 | $ 4,031 | $ 4,031 |
| NetSuites | $ 20,000 | $ - | $ 20,000 | $ - |
| Utilities | $ 900 | $ 900 | $ 900 | $ 900 |
| Seredipity | $ 6,000 | $ 6,000 | $ 6,000 | $ 6,000 |
| Smithsonian Royalty | $ 12,000 | $ - | | $ 12,000 |
| Design Fees | $ 2,000 | $ 2,000 | $ 2,000 | $ 2,000 |
| Commissions | $ 87,000 | $ 25,000 | $ 25,000 | $ 25,000 |
| MTS Ctnr Frt & Duties | $ 29,000 | $ 11,000 | $ 11,000 | $ 11,000 |
| MySAMM | $ 4,000 | $ 4,000 | $ 4,000 | $ 4,000 |
| SPS Commerce/CHUB | $ 3,500 | $ 3,500 | $ 3,500 | $ 3,500 |
| Packaging & Production Mtrls | $ 3,000 | $ 3,000 | $ 3,000 | $ 3,000 |
| Misc | $ 6,000 | $ 6,000 | $ 6,000 | $ 6,000 |
| | | | | |
| EIDL Loan (Adequate Protection Payment) | $ 750 | $ 750 | $ 750 | $ 750 |
| | | | | |
| Inventory | | | | |
| LaForge | $ 70,000 | $ 45,000 | $ 45,000 | |
| China consolidated | $ 45,000 | $ 45,000 | | |
| Conrad Blair Consignment | $ 5,000 | $ 5,000 | $ 5,000 | $ 5,000 |
| | | | | |
| Total Expenses | $ 547,281 | $ 386,681 | $ 366,681 | $ 337,681 |
| | | | | |
| Net income | $52,719 | $41,319 | ($16,681) | $12,319 |
| Starting Cash Balance (Est) | $12,000 | | | |
| **Expected Cash Balanace** | **$64,719** | **$106,038** | **$89,357** | **$101,676** |