# EXHIBIT 2

# EXHIBIT 2

## SETTLEMENT AND RELEASE AGREEMENT

This SETTLEMENT AND RELEASE AGREEMENT ("Agreement"), effective as of August __, 2024 (the "Effective Date"), is by and among VARALUZ LLC, a Nevada limited liability company ("Varaluz"), RONALD FRANKLIN HENDERSON, in his individual capacity ("Henderson" and together with Varaluz, the "Varaluz Parties"), KALAMATA CAPITAL GROUP, LLC, a Delaware limited liability company ("Kalamata"), STEVEN MANDIS, in his individual capacity ("Mandis"), CONNOR PHILLIPS, in his individual capacity ("Phillips"), and BRANDON LAKS, in his individual capacity ("Laks," and together with Kalamata, Mandis and Phillips, the "Kalamata Parties"). For the purposes of this Agreement, the Varaluz Parties and the Kalamata Parties may each be referred to individually as a "Party" and collectively as the "Parties."

## RECITALS

A.    Varaluz and Kalamata entered into the Revenue Purchase Agreement dated December 22, 2022 (the "Agreement"), pursuant to which Kalamata agreed to provide certain funding to Varaluz, which Agreement was guaranteed by Henderson.

B.    On or about December 22, 2023, Kalamata sued Varaluz for breach of the Agreement, and Henderson for breach of guaranty commencing case index number 036634/2023, pending in the Supreme Court of the State of New York, County of Rockland, which litigation has been removed to the United States District Court for the Southern District of New York (the "New York Litigation").

C.    On June 25, 2024, Varaluz filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.,* as Case No. 24-13181-hlb (the "Bankruptcy Case") before the United States Bankruptcy Court for the District of Nevada (the "Bankruptcy Court").

D.    On June 27, 2024, Kalamata filed its proof of claim in the Bankruptcy Case asserting a secured claim for $170,040.00.

E.    Post-petition, Varaluz filed its Complaint against the Kalamata Parties in the Bankruptcy Court asserting multiple causes of action against the Kalamata Parties relating to or arising from the Agreement and associated financial transactions (the "Complaint"), thereby commencing adversary number 24-01061-hlb (the "Adversary Proceeding").

F.    The Parties, having negotiated at arms-length and in good faith, are desirous of settling their numerous disputes as set forth in Recitals above (the "Disputes") pursuant to the following terms and conditions.

. . .

. . .

## AGREEMENT

NOW, THEREFORE, in consideration of the terms, covenants, and agreements of the Parties as set forth herein, and for other good and valuable consideration, the existence and sufficiency of which is acknowledged by the Parties, the Parties hereby agree as follows:

1.    Recitals.  The foregoing Recitals are true and correct and are incorporated herein by this reference.

2.    Allowed Claim.  Kalamata shall have an allowed general unsecured claim in the Bankruptcy Case solely against Varaluz in the amount of Seventy-five Thousand and No/100 Dollars ($75,000.00) (the "Allowed Claim").

3.    Agreement Subject to Bankruptcy Court Approval.  Upon execution of this Agreement by all Parties, Varaluz shall move the Bankruptcy Court for the entry of an order approving this Agreement pursuant to Fed. R. Bankr. P. 9019 ("Approval Motion").  The Parties agree to use their best efforts to obtain entry of an order granting the Approval Motion ("Approval Order").

4.    Financing Statement Terminations.  Upon entry of the Approval Order by the Bankruptcy Court, Kalamata agrees and authorizes Varaluz to file terminations and releases of any UCC financing statements (the "UCC Terminations") filed in connection with the Agreement that encumber any property of any of the Varaluz Parties, in any and all jurisdictions in which such UCC financing statements have been filed.

5.    Dismissal of All Litigation.  Within seven (7) days of the Approval Order being entered by the Bankruptcy Court: (1) Kalamata shall dismiss with prejudice the New York Litigation and all claims and causes of action therein against any and all parties to the New York Litigation; and (2) Varaluz shall dismiss with prejudice the Adversary Proceeding and all claims and causes of action therein against any and all parties to the Adversary Proceeding.

6.    Representations and Warranties of the Kalamata Parties.  As a material inducement for the Varaluz Parties to enter into this Agreement, the Kalamata Parties hereby represent and warrant to the Varaluz Parties that:

(a)    The Kalamata Parties have full power, capacity, and authority to execute, deliver, and perform their obligations under this Agreement, and that this Agreement is binding upon and enforceable against the Kalamata Parties in accordance with its terms; and

(b)    As of the Effective Date, the Kalamata Parties have not assigned or transferred to any person or entity any matter released in this Agreement or any part or portion of any matter released in this Agreement, and all claims, defenses, rights and obligations and causes of action asserted or the subject of this Agreement are in fact owned by the Kalamata Parties. The Kalamata Parties enter into this Agreement with the intention of binding themselves and their successors, predecessors, subsidiaries, affiliates, partners, employees, assigns, attorneys, agents, heirs, and all others who may claim under, through or in connection with each.

6.      <u>Representations and Warranties of the Varaluz Parties</u>. As a material inducement for the Kalamata Parties to enter into this Agreement, the Varaluz Parties hereby represent and warrant to the Kalamata Parties that as of the Effective Date:

(a)      Upon entry of the Approval Order, the Varaluz Parties have full capacity, power, and authority to execute, deliver and perform their obligations under this Agreement, and that this Agreement is binding upon and enforceable against each in accordance with its terms;

(b)      The Varaluz Parties have not assigned or transferred to any person or entity any matter released in this Agreement or any part or portion of any matter released in this Agreement, and all claims, defenses, rights and obligations and causes of action asserted or the subject of this Agreement are in fact owned by the Varaluz Parties. The Varaluz Parties enter into this Agreement with the intention of binding themselves and their successors, predecessors, partners, members, managers, employees, assigns, attorneys, agents, heirs, and all others who may claim under, through or in connection with each.

7.      <u>Release of Claims</u>. In consideration of the obligations and undertakings in this Agreement, the Varaluz Parties, each on behalf of itself/himself and its/his members, partners, managers, affiliates, predecessors, successors, heirs and assigns, present and future investors, parent companies, subsidiaries, administrators, servants, employees, representatives, attorneys and agents (the "<u>Varaluz Releasing Parties</u>") do hereby forever release, discharge and acquit the Kalamata Parties and their respective members, partners, managers, affiliates, predecessors, successors, heirs and assigns, present and future investors, parent companies, subsidiaries, administrators, servants, employees, representatives, attorneys and agents (collectively, the "<u>Kalamata Released Parties</u>") of and from all and every manner of claims, acts and actions, demands, cause and causes of action, at law, in equity or otherwise, whether known or unknown, suspected or unsuspected, fixed or contingent, liquidated or unliquidated, which the Varaluz Releasing Parties ever had, now have, may have, or could have, against any of the Kalamata Released Parties by reason of any matter, cause or thing, including without limitation any matter, cause or thing set forth in, relating to, or arising out of, or in any way connected with or resulting from the Disputes, the Agreement, the New York Litigation, the Proposed Complaint, and any matters which could have been raised in relation thereto. For the avoidance of doubt, this <u>Section 7</u> provides complete releases to the Kalamata Parties of all known and unknown claims held by the Varaluz Parties, irrespective of whether they were or could have been raised in the Bankruptcy Case or the New York Litigation.

In consideration of the obligations and undertakings in this Agreement, the Kalamata Parties, each on behalf of itself/himself/herself and its/his/her members, partners, managers, affiliates, predecessors, successors, heirs and assigns, present and future investors, parent companies, subsidiaries, administrators, servants, employees, representatives, attorneys and agents (the "<u>Kalamata Releasing Parties</u>") do hereby forever release, discharge and acquit the Varaluz Parties, and their respective members, partners, managers, affiliates, predecessors, successors, heirs and assigns, present and future investors, parent companies, subsidiaries, administrators, servants, employees, representatives, attorneys and agents (collectively, the "<u>Varaluz Released Parties</u>") of and from all and every manner of claims, acts and actions, demands, cause and causes of action, at law, in equity or otherwise, whether known or unknown, suspected or unsuspected, fixed or contingent, liquidated or unliquidated, which the Kalamata

Releasing Parties ever had, now have, may have, or could have, against any of the Varaluz Released Parties by reason of any matter, cause or thing, including without limitation any matter, cause or thing set forth in, relating to, or arising out of, or in any way connected with or resulting from the Disputes, the Agreement, the New York Litigation, the Proposed Complaint, and any matters which could have been raised in relation thereto; provided, however, that Kalamata shall not release the Allowed Claim. For the avoidance of doubt, with the sole exception of the Allowed Claim, this <u>Section 7</u> provides complete releases to the Varaluz Parties of all known and unknown claims held by the Kalamata Parties, irrespective of whether they were or could have been raised in the Bankruptcy Case or the New York Litigation.

The Parties acknowledge and agree that they intend for these releases to be general releases and that they are expressly waiving their rights under any state statute or code that would limit these releases, including California Civil Code Section 1542, which provides:

> "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY."

8.      <u>Exclusions from Release of Claims</u>. The Allowed Claim and any claims arising out of the breach of this Agreement by any Party are excluded from the releases provided in <u>Section 7</u>, and, in the event of any such breach, the non-breaching Party shall be entitled to pursue any and all rights, claims and damages that it may have against the other Party as a result of such breach.

9.      <u>Further Assurances</u>. The Parties agree (a) to furnish upon request to each other such further information, (b) to execute and deliver to each other such other documents, and (c) to do such other acts and things, all as the other Party may reasonably request for the purpose of carrying out the intent of this Agreement and the documents referred to in this Agreement. The Parties further agree to otherwise cooperate to effectuate the intent of this Agreement. The Parties further agree to otherwise cooperate to effectuate the intent of this Agreement, including confirming to Varaluz's customers that Kalamata has released any asserted liens relating to Varaluz's accounts receivable.

10.      <u>Severability</u>. If any term or provision of this Agreement shall be deemed to be invalid or unenforceable to any extent, the remainder of this Agreement will not be affected thereby, and each remaining term and provision of this Agreement will be valid and be enforced to the fullest extent permitted by law.

11.      <u>Waivers</u>. No waiver of any breach or any covenant or provision contained herein will be deemed a waiver of any preceding or succeeding breach thereof, or of any other covenant or provision contained herein. No extension of time for performance of any obligation or act will be deemed an extension of the time for performance of any other obligation or act except those of the waiving Party.

12.    <u>Successors and Assigns</u>.  This Agreement is binding upon and inures to the benefit of the successors, assigns, and nominees of the Parties hereto.

13.    <u>Prevailing Party</u>.  In the event of the bringing of any action or suit by a Party hereto by reason of any breach of any of the covenants, agreements or provisions on the part of the other Party arising out of this Agreement, then in that event, the prevailing Party will be entitled to recover from the other party all costs and expenses of the action or suit, reasonable attorneys' fees, witness fees and any other professional fees resulting therefrom.

14.    <u>Entire Agreement</u>.  This Agreement constitutes the entire agreement between the Parties hereto and may not be modified except by an instrument in writing signed by the Party to be charged.  This Agreement supersedes all prior agreements and communications between the Parties.

15.    <u>Time of Essence</u>.  The Parties hereby acknowledge and agree that time is strictly of the essence with respect to each and every term, condition, obligation and provision hereof.

16.    <u>Construction</u>.  The Parties and their respective advisors acknowledge and agree that this Agreement is the product of all of their efforts, that it expresses their agreement and that it should not be interpreted in favor or against any Party.

17.    <u>Governing Law, Jurisdiction and Venue</u>.  The Parties hereto expressly agree that this Agreement will be governed by, interpreted under, and construed and enforced in accordance with the laws of the State of Nevada.  The Parties hereby consent to the jurisdiction of the courts of the State of Nevada, including the Bankruptcy Court, in the event any action is brought for declaratory relief or enforcement of any of the terms and provisions of this Agreement, with exclusive venue to be in Las Vegas, Nevada.

18.    <u>Titles and Headings</u>.  Titles and headings of Sections of this Agreement are for convenience of reference only and shall not affect the construction of any provisions of this Agreement.

19.    <u>Attorney Representation</u>.  In negotiation, preparation, and execution of this Agreement, the Parties hereby acknowledge that each Party has been represented by its own counsel and/or that each Party has had an opportunity to consult with an attorney of its own choosing prior to the execution of this Agreement.  The Parties have read this Agreement in its entirety and fully understand the terms and provisions contained herein.  The Parties execute this Agreement freely and voluntarily and accept the terms, conditions, and provisions of this Agreement, and state that the execution by each of them of this Agreement is free from any coercion whatsoever.

20.    <u>Attorneys' Fees and Costs</u>.  Each Party to this Agreement shall bear its own attorneys' fees and costs.  However, if it becomes necessary for either Party hereto to enforce this Agreement or any provision contained herein, the Party prevailing in such suit or action shall be entitled to recover, in addition to all other remedies or damages, reasonable attorneys' fees incurred in such enforcement action

21.    Counterparts. This Agreement may be executed in counterparts, each of which shall be deemed to be an original instrument but all of which together shall constitute one agreement. Signatures transmitted via facsimile or email in portable data format (PDF) shall be deemed originals for all purposes.

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement as of the Effective Date.

**THE VARALUZ PARTIES:**

**THE KALAMATA PARTIES:**

VARALUZ LLC, a Nevada limited liability company

By: _____
Name: RONALD F. HENDERSON
Title: PRESIDENT

_____
RONALD HENDERSON, individually

KALAMATA LLC, a Delaware limited liability company

By: _____
Name: Brandon Laks
Title: Co-President

Steven Mandis
_____
STEVEN MANDIS, individually

CONNOR PHILLIPS
_____
CONNOR PHILLIPS, individually

_____
BRANDON LAKS, individually