Terri H. Didion, Assistant United States Trustee
State Bar No. CA 133491
Carlos R. Hernandez-Vivoni, Trial Attorney
State Bar No. TX 24096186
**UNITED STATES DEPARTMENT OF JUSTICE**
Office of the United States Trustee
300 Las Vegas Boulevard, So., Suite 4300
Las Vegas, Nevada 89101
Tel: (702) 388-6600
Fax: (702) 388-6658
Email*: carlos.hernandez-vivoni@usdoj.gov*

E-Filed:  August 14, 2024

Attorneys for the United States Trustee for Region 17
　　　TRACY HOPE DAVIS

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

In re:

**VARALUZ, LLC,**

Debtor.

Case No: 24-13181-hlb

Chapter 11

Date: August 28, 2024
Time: 2:30 PM

**OBJECTION AND RESERVATION OF RIGHTS OF THE U.S. TRUSTEE
TO THE APPLICATION FOR ORDER APPROVING
EMPLOYMENT OF GARMAN TURNER GORDON LLP
<u>AS ATTORNEYS FOR DEBTOR</u>**

　　　To the Honorable H<small>ILARY</small> L. B<small>ARNES</small>, United States Bankruptcy Judge:

　　　Tracy Hope Davis, the United States Trustee for Region 17 ("U.S. Trustee"), by and through her undersigned counsel, hereby files her objection (the "Objection") to the *Application for Order Approving Employment of Garman Turner Gordon LLP as Attorneys for Debtor* [ECF No. 26] (the "Application") filed by captioned Debtor Varaluz, LLC ("Debtor").[1]

---

[1] Unless otherwise noted:  "Section" refers to a section of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"); "FRBP" refers to the Federal Rules of Bankruptcy Procedure; "FRE" refers to the Federal Rules of Evidence; and "ECF No." refers to the bankruptcy docket for case number 24-13181-hlb.  The U.S. Trustee requests that the Court take judicial notice of the pleadings and documents filed in this case, pursuant to FRBP 9017 and FRE 201. To the extent that the objection contains factual assertions predicated upon

1

## INTRODUCTION

Debtor has not met its burden of showing that the Section 328 terms sought in the Application are appropriate and in the best interests of the estate based on the specific facts of the case, or that GTG can be employed on a *nunc pro tunc* basis. The Application lacks evidence, as opposed to conclusory statements, required to satisfy the burden concerning Section 328. Accordingly, the Application should be denied.

Consistent with her independent duties, the U.S. Trustee reserves all her rights with respect to this matter, including, but not limited to her right to take any appropriate action under the Bankruptcy Code, the FRBP, and the local rules of the U.S. Bankruptcy Court.

The Objection is supported by the following memorandum of points and authorities and any argument the Court may permit on the Objection.

## MEMORANDUM OF POINTS AND AUTHORITIES

## BACKGROUND FACTS

1. On June 25, 2024, Debtor commenced the instant case by filing a voluntary petition for relief under Subchapter V of Chapter 11, of the Bankruptcy Code (the "Petition Date"). [*See* ECF No. 1].

2. On June 26, 2024, the U.S Trustee appointed Bryan D. Shapiro as the Subchapter V Trustee [*See* ECF No. 8].

3. Debtor's Section 341 Meeting of Creditors was held and closed on July 25, 2024. [*See* ECF Nos. 4 & 37].

4. On July 3, 2024, Debtor filed the Application, supported by the declarations of Talitha Gray Kozlowski, Esq. ("Kozlowski Declaration") and Ronald Henderson ("Henderson Declaration") [*See* ECF Nos. 26, 27 & 28], including an engagement agreement dated March 10, 2024 [*See* ECF No. 27-1 pp. 2-13 of 13] ("Engagement Agreement").

---

statements made by Debtor, its agents, attorneys, professionals, or employees, the U.S. Trustee submits that such factual assertions are supported by admissible evidence in the form of admissions of a party opponent under FRBP 9017 and FRE 801(d)(2).

2

5. Through the Application the Debtor seeks to employ GTG as counsel for the Debtor pursuant to Section 327(a), *nunc pro tunc* to the Petition Date. [*See* ECF No. 26, p. 2 of 6 at ¶ 5], including a pre-approval of a fee structure and other terms of compensation pursuant to Section 328, whereby GTG will be paid an hourly rate from $100 to $965 for paraprofessionals, associates and shareholders. [*See Id.*, p. 5 of 6 at ¶ 18].

6. The Application is set for hearing to be held on August 28, 2024. [*See* ECF No. 29].

## ARGUMENT

### A. *The Proponent of the Application Fails to Carry the Burden of Establishing the Reasonableness of the Terms and Conditions for Retention and Compensation included in the Application, Supporting Declaration and Engagement Agreement.*

7. While Section 327 addresses employment of professionals, 11 U.S.C. §§ 328 and 330 address compensation of those professionals after they have been employed under Section 327. Section 330 authorizes the bankruptcy court to award the retained professional reasonable compensation "based on an after-the-fact consideration of 'the nature, the extent, and the value of such services, taking into account all relevant factors.'" *In re Smart World Technologies, LLC*, 552 F.3d 228, 232 (2d Cir. 2009) (quoting Section 330(a)).

8. Section 328 operates differently and "permits a professional to have the terms and conditions of its employment pre-approved by the bankruptcy court, such that the bankruptcy court may alter the agreed-upon compensation only 'if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions.'" *In re Circle K Corp.*, 279 F.3d 669, 671 (9th Cir. 2002); *In re Smart World Technologies, LLC*, 552 F.3d at 232 (noting that "section 328(a) permits a bankruptcy court to forgo a full post-hoc reasonableness inquiry if it pre-approves the "employment of a professional person under section 327 ... on any reasonable terms and conditions of employment" (quoting Section 328(a)). Thus, pre-approval of compensation pursuant to Section 328 is not lightly permitted. *Owens v. United States Trustee (In re Owens),* 2014 Bankr. LEXIS 3346 at *7 (B.A.P. 9th Cir. August 6, 2014).

9. Section 328 only provides the possible basis for approval of terms of compensation. *See generally In re Circle K Corp.*, 279 F.3d 669, 671 (9th Cir. 2002).

10. "The differences between §§ 328 and 330 affect the timing and process of the court's review of fees." *In re Citation Corp.*, 493 F.3d 1313, 1318 (11th Cir. 2007). Under Section 328, "the bankruptcy court reviews the fee at the time of the agreement and departs from the agreed fee only if some unanticipated circumstance makes the terms of that agreement unfair. Under Section 330, the court reviews the fees after the work has been completed and looks specifically at what was earned, not necessarily at what was bargained for at the time of the agreement." *Id*.

11. The burden of proof to establish the terms and conditions of employment – including the imposition of Section 328(a) – is on the applicant. *Nischwitz v. Miskovic (In re Airspect Air, Inc.)*, 385 F.3d 915, 921 (6th Cir. 2004) (quoting *Zolfo*, 50 F.3d at 262). To meet its burden, the firm must provide specific evidence to establish that "the terms and conditions are in the best interest of the estate." *In re Gillett Holdings, Inc.*, 137 B.R. 452, 455 (Bankr. D. Colo. 1991); *In re Thermadyne Holdings Corp.*, 283 B.R. 749, 756 (B.A.P. 8th Cir. 2002); *In re Potter*, 377 B.R. 305, 307-08 (Bankr. D. N.M. 2007) ("The trustee seeking to employ a professional under 11 U.S.C. § 328 bears the burden of showing that the provisions of the proposed employment are reasonable.").

12. Here, Debtor seeks to have GTG's hourly rates and other terms of compensation approved through the Application, pursuant to Section 328. [*See* ECF No. 26, p. 5 of 6 at ¶ 18].

13. The Application, the Kozlowski Declaration and the Henderson Declaration, fail to establish the reasonableness of these terms given the specific facts of these cases.

14. Pre-approval of a professional's terms of compensation as reasonable should not be granted lightly given that the Court may not revisit the issue at the compensation stage unless such terms prove to have been improvident in light of developments not capable of being anticipated at the time the terms or rates were fixed. *See* 11 U.S.C. § 328(a); *see also Friedman Enters. v. B.U.M. Int'l, Inc. (In re B.U.M. Int'l, Inc.)*, 229 F.3d 824, 829 (9th Cir. 2000) ("There

4

is no question that a bankruptcy court may not conduct a § 330 inquiry into the reasonableness of the fees and their benefit to the estate if the court already has approved the professional's employment under [ ] § 328.").

15. Approving an arrangement under Section 328 removes the standard of reasonable compensation based on an after-the-fact consideration of "the nature, the extent, and the value of such services, taking into account all of the relevant factors" under Section 330, and instead replaces it with a standard that severely constrains the Court's authority to only disallow compensation that is "improvident in light of developments not capable of being anticipated at that time." 11 U.S.C. §328(a).   The Court should not allow GTG to bypass a full post-hoc reasonableness inquiry if employment is approved under 11 U.S.C. §327.

16. Debtor has not met its burden of proof to demonstrate why or how the terms, conditions, and structure of GTG's compensation are reasonable under 11 U.S.C. §328(a) and should be approved at the outset of GTG's employment by the Debtor instead of being subject to review once GTG seeks compensation, including at the end of the cases once the Court and parties-in-interest can better assess GTG's performance.  A professional's requested invocation of Section 328(a) is neither mandatory nor automatic, regardless of the proposed compensation scheme. A professional should not automatically expect approval of its retention under Section 328 just because it asks for it.  Accordingly, the Court should deny the request to pre-approve the terms of GTG's employment and compensation under Section 328 or under some other Code provision.

17. The Court should decline to approve any Section 328 provisions requested in the Application and subject GTG's fee application to a review unconstrained by pre-approval of any compensation terms at the beginning of these cases.

18. GTG has not shown that these provisions are reasonable and should be approved.

**B.** ***GTG Cannot be Employed on a Nunc Pro Tunc Basis.***

19. Debtor seeks to employ GTG *nunc pro tunc* to the Petition Date as bankruptcy counsel in connection with the commencement and prosecution of this Chapter 11 case.  [*See*

ECF No. 26, p. 2 of 6 at ¶ 5].

20. The request to employ GTG *nunc pro tunc* is not reasonable because it appears to conflict with binding case law. *See Roman Catholic Archdiocese of San Juan, Puerto Rico v. Feliciano*, 140 S.Ct. 696 (2020).

## CONCLUSION

21. Debtor has not met its burden of showing that granting GTG Section 328 relief is appropriate and in the best interests of the estate given the specific facts of these cases. In addition, the Application cannot be granted on a *nunc pro tunc* basis.

22. For the reasons set forth herein, the Application should be denied.

23. The U.S. Trustee reserves all her rights under the Bankruptcy Code and FRBP, including to object to any amendments or supplements to the Application, or to any fee applications filed by or on behalf of GTG, if the Application is granted.

**WHEREFORE**, the United States Trustee respectfully requests that the Court deny the Application.

Dated: August 14, 2024

**TRACY HOPE DAVIS**
**UNITED STATES TRUSTEE, REGION 17**

By: */s/ Carlos R. Hernandez-Vivoni*
Carlos R. Hernandez-Vivoni Esq.,
Trial Attorney