

_____
Honorable Hilary L. Barnes
United States Bankruptcy Judge

Entered on Docket
March 17, 2025

GARMAN TURNER GORDON LLP
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
Email: tgray@gtg.legal
TERESA M. PILATOWICZ, ESQ.
Nevada Bar No. 9605
E-mail: tpilatowicz@gtg.legal
MARY LANGSNER, Ph.D.
Nevada Bar No. 13707
Email: mlangsner@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Tel: 725.777.3000
*Attorneys for Debtor*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>VARALUZ, LLC,<br><br>            Debtor. | Case No.: 24-13181-hlb<br>Chapter:   11<br><br><br>Hearing:<br>Date:  March 11, 2025<br>Time: 3:00 p.m. |

**ORDER: (I) APPROVING BID PROCEDURES RELATING TO SALE OF
DEBTOR'S ASSETS; AND (II) SCHEDULING A HEARING TO CONSIDER
APPROVAL OF THE SALE OF DEBTOR'S ASSETS**

Varaluz, LLC, debtor and debtor-in-possession ("Debtor"), filed its *Motion for Order (I) Authorizing the Sale of Debtor's Assets Outside of the Ordinary Course of Business Free and Clear of All Liens, Claims, Encumbrances, and Interests; (II) Authorizing the Assumption, Sale, and Assignment of Certain Executory Contracts and Unexpired Leases; (III) Establishing Bid and Sale Procedures; and (IV) Granting Related Relief* (the "Bid Procedures Motion"),[1] which was

---

[1] Capitalized terms not otherwise defined herein shall have those meanings ascribed to them in the Bid Procedures

heard and considered by the Court on March 11, 2025, at 3:00 p.m. (the "Hearing"). Counsels' appearances are reflected in the above-captioned Court's record of the Hearing. The Court read and considered the Sale Motion brought pursuant to Sections 105, 363, and 365 of Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), Rules 2002, 6004, 6006, 9007, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the other applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and Local Bankruptcy Rules for the District of Nevada (the "Local Rules"). The Court's findings and conclusions of law placed on the record at the Hearing are incorporated herein pursuant to Federal Rules of Bankruptcy Procedure 9014(c) and 7052. It appearing that the relief requested in the Sale Motion is in the best interest of the Debtor's bankruptcy estate, its creditors, and other parties-in-interest, and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B.      Notice of the Bid Procedures Motion was adequate and sufficient under the circumstances of these Chapter 11 Cases and such notice complied with all applicable requirements of Sections 102 and 363 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 6006, 9007, and 9014, and the other applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

C.      Every objection to the relief requested in the Bid Procedures Motion that has not been withdrawn, waived, or settled as stated in documents filed with the Court or on the record at the Hearing, is overruled except as expressly set forth herein.

D.      Debtor has articulated good and sufficient reasons for, and the best interests of Debtor's estate, creditors, and other parties-in-interest will be served by, this Court granting the relief requested in the Bid Procedures Motion, including approval of: (i) the Stalking Horse

Motion.

Garman Turner Gordon
7251 Amigo Street, Ste. 210
Las Vegas, Nevada 89119
(725) 777-3000

4910-5667-5360

2

1   Protections to Ciana Lighting; (ii) the Bid Procedures; (iii) the procedures described below for the

2   determination of the amounts necessary to cure defaults under the Assumed Contracts and to

3   address any other disputes in connection with the assumption and assignment of the Assumed

4   Contracts pursuant to Section 365 of the Bankruptcy Code; and (iv) the form, timing, and manner

5   of notice of the proposed sale, the Bid Procedures, and the other matters described herein.

6           E.      The Bid Procedures described herein and in the Bid Procedures Motion are

7   reasonable and appropriate under the circumstances of the Chapter 11 Case.  Debtor is authorized

8   to take any and all action necessary and appropriate to implement the Bid Procedures.

9           F.      The *Notice of Bid Procedures and Sale Hearing* substantially in the form attached

10  hereto as **Exhibit "A"** (the "Bid Procedures Notice") is reasonably calculated to provide parties-

11  in-interest with proper notice of the sale of Debtor's assets, the related Bid Procedures, the Sale

12  Hearing, and the related implications on creditors and other parties-in-interest.

13          G.      Debtor has articulated good and sufficient reasons for, and the best interests of

14  Debtor's estate and other parties-in-interest will be served by, this Court scheduling a Sale Hearing

15  to consider entry of the Sale Order, including approval of the sale of the assets free and clear of all

16  liens, claims, encumbrances, and interests pursuant to Section 363(f) of the Bankruptcy Code.

17          H.      Any finding of fact that would more appropriately be described as a conclusion of

18  law shall be deemed to be conclusion of law.

19          **NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, CONCLUDED,**

20  **AND DECREED AS FOLLOWS:**

21          1.      The relief requested in the Bid Procedures Motion is granted as set forth in this

22  Order.

23          2.      The Stalking Horse Protections in favor of Ciana Lighting are approved.

24          3.      The Bid Procedures set forth in the Motion and summarized below are hereby

25  approved in all respects and shall govern all bids and Bid proceedings relating to the sale of

26  Debtor's assets.

27                  a.      Any bidder interested in purchasing Debtor's assets must submit their bid

28                          to Talitha Gray Kozlowski, Garman Turner Gordon, 7251 Amigo Street,

Garman Turner Gordon
7251 Amigo Street, Ste. 210
Las Vegas, Nevada 89119
(725) 777-3000

3

4910-5667-5360

1   Suite 210, Las Vegas, Nevada 89119, tgray@gtg.legal, prior to 5:00 p.m.

2   (PT) on  April 1, 2025 (the "Bid Deadline").  Ciana Lighting is deemed a

3   Qualified Bidder without taking any further action.

4   b.   Debtor and its advisors will determine if a bid is a "Qualified Bid" based on

5   the requirements herein.  In the event a Qualified Bid is submitted by the

6   Bid Deadline, an auction will be conducted on April 8, 2025, via zoom.  If

7   Ciana Lighting submits the only Qualified Bid, no auction will be conducted

8   and Debtor shall file a notice on the docket of the Bankruptcy Case advising

9   that no auction will be conducted and Ciana Lighting will be presented at

10   the Sale Hearing as the prevailing bidder.

11   c.   A bid will be considered a "Qualified Bid" only if the bid fulfills the

12   following requirements on or prior to the Bid Deadline:

13   (i) Provides a bid of no less than $850,000;

14   (ii) Provides that the bid shall remain open and irrevocable until

15   thirty (30) days following the date of entry of a Sale Order;

16   (iii) Provides that the bidder is obligated to perform as a back-up bid

17   (as defined below) in the event such bidder is not the prevailing bidder (as

18   defined below);

19   (iv) Is made by a person or entity that demonstrates evidence of fully

20   committed and available funds to consummate the proposed transaction,

21   acceptable to Debtor in its sole discretion;

22   (v) Provides written evidence that the bidder has obtained

23   authorization and approval from its board of directors (or comparable

24   governing body) and its equity holders, if necessary, with respect to the

25   submission of its bid and the execution of the APA, or a representation that

26   no such authorization or approval is required;

27

28

(vi) Provides by wire transfer or immediately available funds to Debtor's counsel's trust account before the Bid Deadline of an earnest money deposit equal to 10% of the purchase price of such bid;

(vii) Is submitted in a writing in the form of the APA with any proposed changes to the APA set forth in an electronic form both clean and marked to reflect such changes signed by the bidder, that: (1) Identifies the bidder and any members of its investor group, if applicable; (2) Is not subject to conditions, representations, or terms that Debtor determines to be unacceptable; (3) Does not contain any financing or due diligence contingencies to closing the proposed transaction; (4) Identifies each and every executory contract and unexpired lease that the bidder desires the applicable Debtor to assume and assign to the bidder at the closing and provides evidence of such bidder's ability to provide adequate assurance of future performance of such contracts or leases (as required by section 365(f)(2)(B) of the Bankruptcy Code) along with the bid; and (5) Does not contain any condition to closing the transaction relating to the receipt of any third party or governmental approvals (excluding required Bankruptcy Court approval);

(viii) Expressly acknowledges and represents that the bidder: (1) has had an opportunity to conduct any and all due diligence and the proposed transaction prior to making its bid; (2) has relied solely upon its own independent review, investigation, and/or inspection of any documents and assets in making its bid or that of any of its legal, financial, or other advisors; (3) did not rely upon any written or oral statements, representations, promises, warranties, or guaranties whatsoever, whether express, implied, by operation of law or otherwise, regarding Debtor or its assets or the proposed transaction, or the completeness or accuracy of any information provided in connection therewith, except as expressly stated in the

Garman Turner Gordon
7251 Amigo Street, Ste. 210
Las Vegas, Nevada 89119
(725) 777-3000

4910-5667-5360

representations and warranties contained in the APA ultimately accepted and executed by Debtor; and (iv) agrees to the terms of these Bidding Procedures; and

(ix) Contains all other information reasonably requested by Debtor.

d.    Debtor shall promptly advise any bidder of Debtor's determination that it has not met the requirements to be a Qualified Bidder and is therefore precluded from bidding at the auction.  To the extent that any party objects to a bidder not being designated a Qualified Bidder, that party shall file such objection with the Court and notify counsel for Debtor of the objecting party's request for an immediate hearing to address the objection.

e.    If one or more Qualified bids other than Ciana Lighting's bid reflected in the APA are received by the Bid Deadline, Debtor will conduct an auction via zoom on April 8, 2025.  Debtor shall provide a notice of the occurrence of the auction of on the docket in the Bankruptcy Case and shall provide all Qualified Bidders with the applicable date, time, and zoom credentials.

f.    At the auction, Qualified Bidders, including Ciana Lighting, may only submit a bid in an amount equal to, or greater than, their initial Qualified Bid, and each subsequent bid must exceed the previous bid by no less than $50,000. Ciana Lighting may credit any Break-Up Fee and max expense reimbursement it would otherwise be eligible to receive against any later bid.

g.    At the conclusion of the auction (if any), the Debtor, in its sole and absolute discretion, shall determine which bid constitutes the highest and best offer and which bidder is prevailing bidder.  In making this determination, the Debtor shall give consideration and effect to the Stalking Horse Protections, including the Break-Up Fee and max expense reimbursement. The second highest bidder shall agree to serve as the back-up bidder should the prevailing bidder fail to close by April 30, 2025.

Garman Turner Gordon
7251 Amigo Street, Ste. 210
Las Vegas, Nevada 89119
(725) 777-3000

4910-5667-5360

h.     The Debtor will submit the prevailing bidder at the Sale Hearing for approval by the Bankruptcy Court.

4.     The Bid Procedures Notice substantially in the form attached hereto as **Exhibit "A"** is approved in its entirety.

5.     The proposed sale of Debtor's assets, the proposed assumption and assignment of the Assumed Contracts, the auction, and the Sale Hearing shall be conducted in accordance with the provisions of this Order.

6.     The Notice of Intent to Assume and Assign Contracts substantially in the form attached hereto as **Exhibit "B"** is approved in its entirety.

7.     Within three (3) business days following the entry of this Order, Debtor shall serve by ECF or first-class mail, this Order and the Bid Procedures Notice on: (i) the Office of the United States Debtor; (ii) all parties known by Debtor to be asserting a lien on any of Debtor's assets; (iii) the Internal Revenue Service; (iv) all of Debtor's known creditors, equity security holders, other parties-in-interest entitled to notice under Bankruptcy Rule 2002(a); and all counterparties to the Assumed Contracts.

8.     Within three (3) business days following entry of this Order, Debtor shall serve by first class mail, the Notice of Intent to Assume and Assign Contracts on all counterparties to the Assumed Contracts.

9.     Any objection to the cure amount proposed for an Assumed Contract or to the assumption and assignment of an Assumed Contract must be made by the objection deadline set forth below, which objection will be heard and considered at the Sale Hearing.

10.     Any counterparty to an Assumed Contract that fails to timely object to the proposed cure amounts or the proposed assumption and assignment of an Assumed Contract is deemed to have consented to such cure amounts and the assumption and assignment of such Assumed Contract, and such party shall be forever barred from objecting to the cure amounts or such assumption and assignment and from asserting any additional cure or other amounts against Debtor, its estate, or the buyer.

11.    Except as may otherwise be agreed to by the parties to an Assumed Contract, the defaults under the Assumed Contracts that must be cured in accordance with Section 365(b) of the Bankruptcy Code shall be cured by the Debtor paying all cure amounts relating to an Assumed Contract upon the Closing.

12.    Notwithstanding anything to the contrary herein, no executory contract or unexpired lease will be assumed unless and until the occurrence of the closing of the sale of Debtor's assets and in accordance with the terms of the APA executed by the prevailing bidder.

13.    Any objections to the relief requested at the Sale Hearing, to the proposed form of order attached as **Exhibit "3"** to the Bid Procedures Motion (the "Sale Order"), or to the assumption and assignment of the Assumed Contracts shall: (a) be in writing; (b) clearly specify the grounds for the objection; (c) comply with the Bankruptcy Rules and the Local Rules; (d) be filed with the Clerk of the United States Bankruptcy Court for the District of Nevada, 300 S. Las Vegas Boulevard, Las Vegas, Nevada 89101; and (d) be served so as to be received by: (1) counsel for Debtor, Talitha Gray Kozlowski: tgray@gtg.legal, and (2) all parties entitled to notice pursuant to Bankruptcy Rule 2002, in accordance with Local Bankruptcy Rule 2002 by **April 9, 2025**.

14.    Any replies to any objection(s) must: (a) be in writing; (b) clearly specify the grounds on which made; (c) comply with the Bankruptcy Rules and the Local Rules; (d) be filed with the Clerk of the United States Bankruptcy Court for the District of Nevada, 300 S. Las Vegas Boulevard, Las Vegas, Nevada 89101; and (d) be served so as to be received by: (1) counsel for Debtor, Talitha Gray Kozlowski: tgray@gtg.legal, (2) counsel for the party submitting the objection, and (3) all parties entitled to notice pursuant to Bankruptcy Rule 2002, in accordance with Local Bankruptcy Rule 2002 by **April 11, 2025.**

15.    The Sale Hearing shall be conducted by the Bankruptcy Court on **April 15, 2025, at 10:30 a.m.** (PT) (the "Sale Hearing"), or on such other date as the Court may direct.

16.    Compliance with the notice provisions set forth in this Order constitutes appropriate and sufficient notice of Debtor's proposed sale of its assets, the contemplated assumption and assignment of the Assumed Contracts, and the proposed cure amounts, and no additional notice of such contemplated transactions need be given.

17. The failure of any objecting person or entity to timely file its objection shall be a bar to the assertion, at the Sale Hearing or thereafter, of any objection to the Bid Procedures Motion, or the consummation and performance of the sale of Debtor's assets.

18. Unless expressly set forth herein, all time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

19. Notwithstanding the possible applicability of Bankruptcy Rules 6004, 6006, 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

20. Debtor is authorized and empowered to take such steps, expend such sums of money, and do such other things as may be necessary to implement and effect the terms and requirements established and relief granted in this Order.

21. The Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Order.

22. Any conclusion of law that would more appropriately be described as finding of fact shall be deemed to be finding of fact.

**IT IS SO ORDERED.**

PREPARED AND SUBMITTED:

GARMAN TURNER GORDON LLP


By: */s/ Talitha Gray Kozlowski*
    TALITHA GRAY KOZLOWSKI, ESQ.
    TERESA M. PILATOWICZ, ESQ.
    MARY LANGSNER, Ph.D.
    7251 Amigo Street, Suite 210
    Las Vegas, Nevada 89119
    *Attorneys for Debtor*

**LR 9021 CERTIFICATION**

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

☐ The court waived the requirement of approval under LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion.

☒ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated in the Order.

> Brian Shapiro                      APPROVED
> *Subchapter V Trustee*
>
> Carlos Hernandez-Vivoni, Esq.      APPROVED
> *Office of the United States Trustee*
>
> Marshall J. Hogan, Esq.            APPROVED
> Bob Olson, Esq.
> *Attorneys for Ciana Lighting LLC*

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objection to the form or content of the order.

###

Garman Turner Gordon
7251 Amigo Street, Ste. 210
Las Vegas, Nevada 89119
(725) 777-3000

4910-5667-5360

10